## UNITED STATES v. LAREAU.

Third Division. Anchorage. June 5, 1924.

No. 964.

**1. Elections ☞313—Criminal Law.**

Defendant was indicted for illegal voting at a municipal election in the town of Anchorage, because he was not a citizen of the United States. On demurrer to the indictment, *held*, neither the Compiled Laws of Alaska nor the amended Municipal Incorporation Law of 1923 (chapter 97, Sess. Laws 1923) provides any punishment for illegal voting.

**2. Statutes ☞118(1)—Election Laws.**

Chapter 25, Sess. Laws 1915, is an act entitled "An act to provide official ballots for elections in the Territory of Alaska," and provides in section 27 that "if any person, knowing that he does not possess the legal qualifications of a voter, at any election authorized by law to be held in this Territory for any office whatever, shall vote at such election, such person shall be guilty of a felony." On indictment against one not a citizen of the United States, charged with illegally voting at a municipal election, *held*, that the act embraces more than one subject; the title is not as broad as the act; section 8 of the Organic Act (48 USCA § 76 [U. S. Comp. St. § 3535]) renders it void; the crime attempted to be charged in this case under section 27 is clearly outside the title and subject-matter; there is no law, therefore, in Alaska making it a crime to vote at a municipal election when not a citizen.

Defendant was indicted on the charge of illegal voting at a municipal election in the town of Anchorage. The specific disqualification alleged is that Lareau was not a citizen of the United States when he voted. Necessarily the demurrer admits that he was not a citizen.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7 A.R.—12

Sherman Duggan, U. S. Atty., of Ketchikan.
James S. Truitt, of Anchorage, for defendant.

RITCHIE, District Judge. The question raised by the demurrer to the indictment is whether there is any congressional or territorial law making it an offense for a person to vote at a municipal election who lacks the necessary qualifications of a·voter. The original statute prescribing the qualifications of voters at municipal elections in Alaska is section 625 of the Compiled Laws of Alaska. This reads as follows:

"Sec. 625. Every male person twenty-one years of age who is a citizen of the United States or has declared his intention to become such, and who has resided continuously one year next preceding the election in the district of Alaska, and six months next preceding the election within the limits of the proposed corporation, shall be qualified to vote at said or any subsequent municipal election."

This section of the Compiled Laws was amended by the Legislature of 1923 (Laws 1923, c. 97), which passed a new general law governing municipal corporations. This act provides, in section 2, as one of the qualifications of a voter at a municipal election, that he must be a citizen of the United States; otherwise, the qualifications remain the same as in the original law.

Neither the Compiled Laws of Alaska, enacted by Congress in 1900, nor the amended municipal incorporation law of 1923, provides any punishment for illegal voting. If there is any punishment for illegal voting it is contained in the law "to provide official ballots for elections in the territory of Alaska," enacted in 1915, being chapter 25 of the Session Laws of that year. This act proceeds to prescribe that, in all elections for a delegate to Congress, territorial offices, and members of the Legislature, official ballots shall be provided by law of the type popularly known as the Australian ballot. Section 27 of this law reads as follows:

"Section 27. *Disqualified Persons Voting.* If any person, knowing that he does not possess the legal qualifications of a voter, at any election authorized by law to be held in this territory for any office whatever, shall vote at such election, such person shall be guilty of a felony."

This is a sweeping provision, and might be held to cover municipal elections; but the Organic Act of the territory provides that:

"No law shall embrace more than one subject which shall be expressed in its title." 48 USCA § 76 (U. S. Comp. St. § 3535).

As already stated, the title of the act in question is a law to provide official ballots for elections in the territory. It might be a fair deduction to say that a provision punishing election frauds in territorial elections is embraced under the general title; but it is difficult to see how a provision for punishing frauds in municipal elections is embraced under the title "An act to provide official ballots for elections in the territory," inasmuch as the provision for official ballots does not extend to municipal elections. It seems to me clearly going outside of the title and single subject designated in chapter 25.

It seems to me the only logical conclusion that can be arrived at is that the provision making it a felony for any person to vote illegally at any election in the territory, so far as it is attempted to be applied to municipal elections, is clearly outside the title and subject-matter of chapter 25. Therefore I am unable to find that there is any law, congressional or territorial, making it a crime to vote at a municipal election in Alaska without having the necessary qualifications.

The demurrer is sustained.